LUCKENBACH STEAMSHIP COMPANY, Inc., and UNITED STATES, Libelants-Appellants, v. Norwegian Bark THEKLA, Her Tackle, etc.; Jens Samuelsen and B. Olsen, Claimants-Appellees. (Circuit Court of Appeals, Second Circuit. January 9, 1924.) No. 132. Appeal from the District Court of the United States for the Southern District of New York. Before HOUGH, MANTON, and MAYER, Circuit Judges.

Questions certified under Judicial Code, § 239 (Comp. St. § 1216), with statement of facts revealed by the apostles. This cause came to this court by appeal from a final decree in admiralty entered in the District Court for the Southern District of New York. 286 Fed. 188. On May 13, 1918, the libel was filed in rem by Luckenbach Steamship Company only, "on behalf of itself and the other owners of steamship F. J. Luckenbach," to recover damages for injuries received by that steamer on February 13, 1918, by reason of collision on the high seas with the bark Thekla. The owners of the bark duly claimed their vessel, gave a stipulation for value, answered the libel, and filed a cross-libel in rem against the steamer. Shortly before filing this answer, said claimants of the bark moved under the fifty-third rule in admiralty for a stay of proceedings on the part of libelant until such time as Luckenbach Steamship Company, Inc., should "give security in the usual form to respond in damages as claimed in the cross-libel." This motion was granted on October 7, 1918, the order declaring that "all proceedings on the original libel shall be stayed until such security shall be given." The original and cross-libel were also consolidated, and progressed as one cause.

Thereafter, and on May 9, 1919, the United States moved as follows: "Sirs: Please take notice that a petition of which the inclosed is a copy will be presented and a motion made for an order making the United States of America a party libelant in the above-entitled cause at a stated term for the hearing of motions of the United States District Court held in and for the Southern District of New York at the United States Courts and Post Office Building, borough of Manhattan, city of New York, on May 16, 1919, at the opening of court on that date, or as soon thereafter as counsel can be heard. Dated New York, May 9, 1919. Yours, etc., Francis G. Caffey, United States Attorney for the Southern District of New York, Proctor for the United States of America." This notice was addressed to the proctors for Luckenbach Steamship Company and the Thekla. The motion was granted, and by order dated June 4, 1919, the United States became a "party libelant," but never filed any further libel or pleading in the nature thereof; it stood on the libel of Luckenbach Steamship Company.

The United States filed a claim, in this suit and to the steamship, in the following words: "And now the United States of America, owner pro hac vice of the steamship F. J. Luckenbach, intervening for the interest of itself for the said cause of action, specially appearing and without submitting itself to the jurisdiction of this honorable court, makes claim to the said steamship F. J. Luckenbach, as the same is proceeded against by the libelant herein, and the said United States of America avers that it was in possession of said steamship F. J. Luckenbach at the time of the filing of the libel in the above-entitled cause, and that at that time it was the true and bona fide owner of the said steamship, and that no other person was at that time the owner thereof. Wherefore the United States of America prays to defend accordingly. Francis G. Caffey, United States Attorney, Southern District of New York, Specially Appearing as Proctor for Claimant, the United States of America."

Thereupon, and to lift the stay of proceedings aforesaid, there was filed in the cause a stipulation for value, in the following words: "Whereas, a libel was filed on the 25th day of September, 1918, by Jens Samuelsen and B. Olsen, owners of the bark Thekla, for the sum of $130,000 against the steamship F. J. Luckenbach, her engines, etc., for the reasons and causes in said libel mentioned; and whereas, the United States of America, by and through Francis G. Caffey, United States attorney for the Southern district of New York, as chartered owner by requisition, of said steamship F. J. Luckenbach, has made claim for said steamship in said proceeding, and the value thereof has been fixed for the purpose of bonding at the sum of $130,000, and whereas, the said steamship F. J. Luckenbach was owned by the Luckenbach Company, Incorporated, and was under requisition charter to and in the possession of the United States, claimant, at the time of the collision upon which said libel is grounded, and for which the liability, if any, is that of the United States, acting through the United States Shipping Board Emergency Fleet Corporation, the operator of said steamship; and whereas, the United States Shipping Board Emergency Fleet Corporation, as stipulator, hereby consents and agrees that in case of default or contumacy on the part of said claimant, execution will issue against its goods, chattels and lands in the sum of $130,000: Now, therefore, the condition of this stipulation is such that if claimant herein, and the United States Shipping Board Emergency Fleet Corporation, the stipulator undersigned, shall abide by all orders of the court, interlocutory and final, and pay the amount awarded by the final decree of such court, or any appellate court, if an appeal intervene, then this stipulation shall be void; otherwise, to remain in full force and virtue. United States Shipping Board Emergency Fleet Corporation, by B. K. Ogden, Acting Director of Insurance, Stipulator. [Seal of the United States Shipping Board Emergency Fleet Corporation, of the District of Columbia, 1917.] Attest: James S. Converse, Asst. Secretary. Filed."

The United States did not separately answer the cross-libel, but on October 3, 1919, there was filed the following pleading thereto: "The exception and answer of Luckenbach Steamship Company, Inc., on behalf of itself and the other owners of the steel screw steamship F. J. Luckenbach, to the cross-libel of Jens Samuelsen and B. Olsen, owners of the Norwegian bark Thekla, against the steamship F. J. Luckenbach, and against all persons lawfully intervening for their interest therein, in a cause of collision, civil and maritime, alleges as follows: Luckenbach Steamship Company, Inc., excepts to the said cross-libel of Jens Samuelsen and B. Olsen filed herein, on the ground that at the time of the collision between the bark Thekla and the steamship F. J. Luckenbach the said steamship was, and still is, in the possession and under the control and navigation of the United States government, through the United States Shipping Board, under charter party (bare boat form), and that said steamship was not, and is not, therefore, subject to attachment, and that the matters set forth in the cross-libel are not within the jurisdiction of this honorable court. Without waiving the said exceptions, but insisting thereon, the said Luckenbach Steamship Company, Inc., answers the said cross-libel herein as follows: [Then follows the Luckenbach's story of the collision, and the

pleading concludes with a prayer by the Luckenbach Steamship Company, Inc., that the cross-libel be dismissed, with costs.]"

Upon the trial it appeared that the F. J. Luckenbach, although owned by the original libelant, was, at and before the time of collision, in the possession of the United States, manned by a crew selected by the United States Shipping Board, and employed by the War Department in carrying army stores to France. The government possession was as owner pro hac vice, and resulted from a bare boat charter, made by Luckenbach Steamship Company to the United States. Said charter contained, among other clauses the following: "Second, The United States, at its sole expense, shall man, operate, victual, and supply the vessel. Third. The United States shall pay all port charges, pilotages, and all other costs and expenses incident to the use and operation of the vessel. Fourth. The United States shall assume war, marine, and all other risks of whatsoever nature or kind, including all risk of liability or damage occasioned to other vessels, persons or property."

Trial was had, and it appeared that the collision between Luckenbach and Thekla resulted solely from the negligence of those in charge of the Luckenbach's navigation, and this finding we have affirmed. The court below further held that the Thekla's damages amounted to $120,619.71, together with interest and costs, for which sums, amounting to 154,622.41, said court entered decree thus: "Ordered, adjudged, and decreed that Jens Samuelsen and B. Olsen, as owners of the bark Thekla, recover of and from the United States of America and the United States Shipping Board Emergency Fleet Corporation, claimant and stipulators, the damages sustained by them in consequence of the said collision." From this decree Luckenbach Steamship Company did not appeal, but, the suit having been severed, the United States appealed to this court, contesting the finding below that fault for the collision lay solely with the Luckenbach, and further assigning for error "that the court [below] granted affirmative relief against the United States under the cross-libel."

Questions certified, as to which this court desires the instruction of the Supreme Court of the United States:

(1) Was the District Court empowered by law to render the decree entered? If the answer to the first question is in the negative:

(2) Must United States Shipping Board Emergency Fleet Corporation, as stipulator, respond for the damages of the Thekla as proven herein?

Dated January, 1924.

Charles M. Hough,<br>
Martin T. Manton,<br>
Julius M. Mayer,<br>
U. S. Circuit Judges.